```
                     UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

```
_____
                                   )
GREGG BOGOSIAN,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 17-016 S
                                   )
RHODE ISLAND AIRPORT CORPORATION   )
(T.F. GREEN AIRPORT);              )
PETER FRAZIER; DAVID A. WOLLIN;    )
REBECCA F. BRIGGS; and             )
ADAM M. RAMOS,                     )
                                   )
          Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

I. Background

    In late 2016, Plaintiff filed a complaint in Kent County Superior Court against Defendants, asserting a litany of counts related to Defendants' alleged misconduct in the litigation of Plaintiff's claims against Rhode Island Airport Corporation ("RIAC") and some RIAC police officers that stemmed from an incident at T.F. Green airport in July 2012 (C.A. No. 14-080-ML) ("the prior litigation"). Defendants removed the Complaint to this Court and filed a motion to dismiss. Magistrate Judge Patricia A. Sullivan filed a Report and Recommendation ("R&R") on May 3, 2017 (ECF No. 18), recommending that the Court dismiss Plaintiff's Complaint, but without prejudice to some of the counts,

and provide him with thirty days to file an amended complaint that cures the Complaint's deficiencies. The R&R also recommends denying Plaintiff's "Emergency/Rule 60" motion (ECF No. 13). Plaintiff filed a timely objection to the R&R and Defendants filed a partial objection.

II. Standard of Review

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court reviews de novo any part of an R&R addressing a dispositive motion to which an objection has been properly filed. The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

III. Discussion

Plaintiff's Response to the R&R (ECF No. 20), construed as an objection to the R&R, highlights and repeats many of the conclusory assertions from his Complaint and argues that these statements prove that Defendants are liable for multiple torts against him and his family. This Response, along with Plaintiff's subsequent letters to the Court (ECF Nos. 26 and 27), contain invective and hyperbole similar to that described in the R&R from previous filings in this case, and in orders from the prior litigation, but do not provide any compelling arguments as to why the ten counts asserted in his Complaint should not be dismissed.

For their part, Defendants articulate three objections to the R&R: (1) that the Magistrate Judge recommended providing Plaintiff with an opportunity to amend his complaint after concluding that none of the claims was plausibly pleaded; (2) that the Magistrate Judge did not recommend dismissal of each count based on the prohibition against claim splitting; and (3) that the Magistrate Judge recommended that some of the claims be dismissed without prejudice because of a concern about the effect of dismissal on pending sanctions motions in the prior litigation. Defendants argue that dismissal should be with prejudice because these concerns are no longer present.

The Court has carefully reviewed the Complaint, Defendants' Motion to Dismiss, Plaintiff's Emergency/Rule 60 motion, the R&R, the objections to the R&R, and the letters filed by Plaintiff. The Court agrees with the Magistrate Judge that the Complaint is replete with conclusory claims. As the Magistrate Judge thoroughly explains, most of the claims alleged are not cognizable causes of action in state or federal law. The Court agrees with Defendants that Plaintiff's Complaint should be dismissed with prejudice because final judgment has entered in the prior litigation and all of the motions for sanctions filed in that case have been resolved. The Magistrate Judge's concerns about how a ruling in this litigation may affect the resolution of the sanctions motions filed

in the prior litigation are therefore no longer pertinent.

With respect to Defendants' argument that Plaintiff should not be provided with an opportunity to amend his complaint, the Court is mindful that "[o]rdinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded." Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (unpublished per curiam opinion) (citation omitted).  When amending the complaint would be futile, however, because the pleading is "patently meritless and beyond all hope of redemption," then there is no need to provide the litigant with an opportunity to amend. Id. (quoting Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001)). After reviewing the history and dispositions of the prior litigation as well as the pleadings, memoranda, and letters filed in the instant litigation, the Court concludes that providing Plaintiff with an opportunity to amend his complaint would be futile.  The bottom line is that this Complaint is completely lacking in merit; is filled with inventive and hyperbole, not actionable facts; and has taxed the resources of Defendants and this Court beyond reason.  Enough is enough.

IV. Conclusion

For the reasons stated herein, the R&R (ECF No. 18) is ACCEPTED IN PART, Defendants' Motion to Dismiss (ECF No. 7) is

4

GRANTED, and Plaintiff's Emergency/Rule 60 motion (ECF No. 13) is DENIED. The Court adopts the reasoning set forth in the R&R but modifies the recommended disposition of Defendants' Motion to Dismiss: the Complaint is dismissed <u>with prejudice</u>. Final judgment will enter in favor of Defendants.

IT IS SO ORDERED.

/s/ W.E.Smith
_____
William E. Smith
Chief Judge
Date: July 10, 2017